UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JONATHAN PAUL CATLIN,

           Plaintiff,

    v.

LTD FINANCIAL SERVICES, LP,

           Defendant.

_____

SCHEDULING ORDER

15-CV-6214L

Pursuant to the order of the Hon. David G. Larimer, United States District Judge, referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16.1(a), and a conference having been held on July 7, 2015 with the parties relative to the matter, it is ORDERED that:

1.    This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program.  The ADR Plan and related forms and information are available at www.nywd.uscourts.gov and the Court Clerk's Office.

    (a)    No later than **August 4, 2015**, the parties shall confer and select a mediator, confirm the mediator's availability, ensure that the mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court.  If the parties fail to so stipulate, the Court shall appoint an ADR neutral.

(b)    Any motions to opt out of the ADR process shall be filed **July 21, 2015**.

(c)    The initial mediation session shall be held no later than **October 6, 2015**.

(d)    The referral to mediation shall terminate on **December 7, 2015**.  In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

(e)    The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

2.    All mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure requirements, shall be completed on or before **July 21, 2015**.

3.    All motions to join other parties and to amend the pleadings shall be filed on or before **November 9, 2015**.  Any third party action shall be commenced on or before **November 9, 2015**.

4.    A **status conference** will be held with the undersigned at 2310 U.S. Courthouse, Rochester, New York on **December 15, 2015**, at **11:00 a.m.**, to discuss the status of the case and the possibility of settlement.

5.    All factual discovery in this case, including depositions, shall be completed on or before **December 31, 2015**.  All motions to compel discovery shall be filed at least thirty (30) days prior to the factual discovery cutoff.

2

6.      Dispositive motions, if any, shall be filed no later than **January 20, 2016**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Larimer.  **NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

7.      Responding papers are due by **February 22, 2016**.  Reply papers, if any, shall be filed by **March 22, 2016**.  The motion will be taken under advisement without oral argument.

8.      A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(d) and Local Rule 16.1(f) will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions.  If no dispositive motions are filed, counsel shall **immediately** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below.  If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

> (1)     Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
July ___, 2015

4

### *PRO SE* NOTICE

Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. **THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION** by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.

In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

If plaintiff has any questions, he/she may direct them to the Pro Se Office.

Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.